## Cornell, Appellant, *v.* Rulon.

Where the lessor distrains for rent under the statute, he must give bond and
security as in other cases of attachment. A bond without security does not
authorise the issuing of an attachment to distrain for rent.

APPEAL from the circuit court of Adams county.

This was a proceeding of distress for rent, instituted by attachment, originally issued by a justice of the peace of the county of Adams for the sum of 291 dollars, and 66 cents.

The lessor's bond was executed by Rulon alone, without any security. There was a replevin bond duly executed by Cornell and Noah Barlow and J. S. Tooley as securities.

The attachment was returned to the circuit court of said county, and a motion for execution on the replevin bond was made at the February term, 1838, against the administrators of Cornell, and the sureties on the replevin bond.

This motion was sustained by the circuit judge, and execution awarded; and the cause brought to this court by appeal.

It is now assigned for error, that the lessor's bond was not in compliance with the statute. Other points were made in the case, but are not material to the opinion of the court.

Webber and Vannerson, for the appellants.

1. There is no sufficient bond shown by the record in this case, as given by defendant in error as required by law, upon which a distress for rent arrear can be legally issued; the bond given in this case is the bond of said defendant in error alone, without any security whatever, as is required by the statute. Rev. Code, 174, sect. 1; 169, sect. 2 and 3. The attachment, therefore, and all the proceedings thereon, are void *ab initio,* and defendant in error is liable as a trespasser.

2. The court erred in entertaining said motion and awarding execution against William Vancampen, one of the plaintiffs in

[Cornell, Appellant, *v.* Rulon.]

error, without first reviving against him as the administrator of the said J. D. Cornell, deceased. Walker's Rep. 66, 7; Ibid. 155; Ibid. 175, and cases there cited; Ibid. 30, Mary Gerault, Adm'r, *v.* Anderson, and cases there cited.

3. The court erred in awarding said execution against the said Vancampen, administrator of said Cornell deceased, jointly with the said Noah Barlow and J. S. Tooley, even if there had been a regular revival against said Vancampen as such administrator, as the right of action exists against the survivors in the bond, and the administrator cannot be joined. Walker's Rep., cases above last cited.

4. The record shows that several matters of fact were pleaded in bar of said motion, which could only be ascertained by a jury; and yet the court without the intervention of such jury proceeded to award execution. This was manifest error.

5. The affidavit on which said attachment or distress warrant was issued, is void; it does not appear by the record to have been sworn to, or subscribed, before a justice of the peace of the county where the lands are situated, under his hand and seal, or any one authorised by law to administer an oath; nor does said affidavit comply with the requisites of the statute. Rev. Code, 168, sect. 1.

6. The city magistrate of the city of Natchez is not a justice of the peace of the county, and has no authority to issue attachments, or distress warrants for rent arrear; the said proceedings emanating from him are void. Rev. Code, 168, sect. 1. Oath must be made before justice of the county court, or justice of the peace of the county, where land is situated, &c.; same section. Tooley is not a justice of the county. Rev. Code, 624.

7. The bond on which the said motion for execution is founded is void, as being taken to the sheriff and his successors in office. He has no power by law to assign said bond so as to give a right of action. Said bond should have been payable to defendant in error, her assigns, &c.; Rev. Code, 169, sect. 3; and delivered before the expiration of three months.

8. The said motion was made and sustained, and execution awarded at a special term of said court, when the case was not triable. The court at a special term can only try such cases as

[Cornell, Appellant, *v.* Rulon.]

were ready for trial at the preceding term. This case was not even in court until this motion was made, and notice given at said special term. Rev. Code, 102, 3, sect. 6.

9. The record does not show that ten days' notice of said motion was given. Rev. Code, 169, sect. 3.

Mr. Justice PRAY delivered the opinion of the court.

This was a proceeding of distress for rent, instituted originally before a justice of the peace of the county of Adams, and brought into this court by appeal from the circuit court of that county.

The errors assigned are several. The first is sufficient to dispose of the cause, and is as follows:

The process of distress or attachment for rent was sued out without bond and security being given as the law requires.

On examining the record, we find that the bond mentioned in the assignment of errors was executed alone by the defendant in error, without any surety whatever.

The statute, Rev. Code, p. 174, sect. 1, provides that if any lessor, or lessors, of lands or tenements, shall wish to sue out an attachment, against his or their tenant, or tenants, for any rent due, or in arrear, on leased premises, such lessor, or lessors, shall give bond and security as is required by law in other cases of attachment.

The bond, therefore, in the present case, does not correspond with the requisitions of the statute, nor authorise the issuing of the attachment.

The judgment of the court below must be reversed; and, because there is no bond to sustain the attachment, the cause below must be dismissed.